UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSETTA CRAFT-JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case number 4:10cv2346 TCM |

## MEMORANDUM AND ORDER

This is a 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (the Commissioner), denying the applications of Rosetta Craft-Jones for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433, and for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383b. Pending is the Commissioner's unopposed motion to remand.

Plaintiff applied for DIB and SSI in April 2009, alleging a disability beginning September 2008 caused by bipolar disorder and cannabis abuse. Following a hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) found her impairments to be severe but not of listing-level severity. The ALJ further found that Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels with five nonexertional limitations. The Appeals Council denied her

request for review, thereby adopting the ALJ's adverse decision as the final decision of the Commissioner.

Plaintiff argues in her brief in support of her complaint that the vocational expert's testimony is inconsistent with the ALJ's findings on her residual functional capacity and that the ALJ failed to properly consider whether she was justified in not following prescribed treatment.

In his pending motion, the Commissioner states that the case will be remanded to Appeals Council to remand to the ALJ with directions "to give additional consideration to Plaintiff's mental impairment regarding her social functioning and noncompliance with treatment." (Mot. at 1-2.)

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[1] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's

---

[1] Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 14]

An appropriate Judgment shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  24th  day of May, 2011.